UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY E. SWINSON,

                Petitioner,

      -against-

WARDEN SUARES,

                Respondent.

20-CV-2696 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Petitioner Randy E. Swinson, currently detained in the Manhattan Detention Complex, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2254, challenging his April 25, 2013 conviction in the New York State Supreme Court, New York County. By order dated April 2, 2020, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

    The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se*

litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

A review of the records of the New York City Department of Correction reveals that Petitioner is currently detained as a result of his June 2, 2019 arrest for one count of criminal contempt in the first degree and two counts of aggravated family offense. *See* http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf. Petitioner is currently being held on $25,002 bail or $45,002 bond, and his next court date is May 7, 2020. *Id.* The New York State Division of Parole has issued several warrants. *Id.*

Petitioner brings this petition, seeking to challenge his April 25, 2013 conviction for robbery in the second degree, criminal mischief, and assault in the third degree. He was sentenced to "6 years + 5 yrs post, 2 to 4 years, 1 year concurrent." (ECF No. 2 at 1.)[1] Petitioner seeks "Reversal and Dismissal of counts Robbery 2nd, Criminal Mischief 3rd and this Petitioner be released." (*Id.* at 15.)

## DISCUSSION

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir.

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

2016) ("In order for a federal court to have jurisdiction over a *habeas* petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed.").

Petitioner brings this petition to challenge his April 25, 2013 conviction, but he is currently being held on bail as a result of his arrest on June 2, 2019. Because Petitioner is not in custody pursuant to the judgment he seeks to challenge, the Court has no jurisdiction over this matter and must therefore deny the petition.

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2254, is denied. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

Chambers will mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   April 14, 2020
         New York, New York

                                            _____
                                                 Louis L. Stanton
                                                    U.S.D.J.